Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JOHN HENRY DION

Filed

JUN - 6 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND/SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN HENRY DION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FULTON, FRIEDMAN & GULLACE, LLP,<br>a New York limited liability partnership; and<br>ANN KATHERYN MERRILL, individually<br>and in her official capacity,<br><br>　　　　　　　Defendants. | Case No. CV11-02727 LB<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, JOHN HENRY DION, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.　　This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

///

- 1 -
COMPLAINT

2. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

    e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and

---

[1] Cal. Civil Code § 1788.1(a)(1).

supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the Oakland/San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

### V. PARTIES

8. Plaintiff, JOHN HENRY DION (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h) and a "disabled person" within the meaning of Cal. Civil Code § 1761(g).

9. Defendant, FULTON, FRIEDMAN & GULLACE, LLP (hereinafter "FF&G") is a New York limited partnership engaged in the business of collecting debts in this state with its principal place of business located at: 500 First Federal Plaza, Rochester, New York 14614. FF&G may be served as follows: Fulton, Friedman & Gullace, LLP, c/o Cynthia Fulton, Agent for Service of Process,

500 First Federal Plaza, Rochester, New York 14614. The principal business of FF&G is the collection of debts using the mails and telephone and FF&G regularly attempts to collect debts alleged to be due another. FF&G is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, ANN KATHERYN MERRILL (hereinafter "MERRILL"), is a natural person and licensed attorney in the state of California and is or was an employee and/or agent of FF&G at all relevant times. MERRILL may be served at her current business address at: Ann Katheryn Merrill, Fulton, Friedman & Gullace, LLP, 2151 Salvio Street, Suite W, Concord, California 94520. MERRILL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account to an unknown original creditor (hereinafter "the alleged debt"). Plaintiff specifically denies that any debt actually exists or is owed. The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Midland

Funding, LLC.

14. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

15. On or about September 28, 2010, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Alameda County captioned *Midland Funding, LLC v. John H. Dion*, Case No. VG10538803 (hereinafter the "*Midland v. Dion* complaint"), which sought to collect $1,496.32 in damages and attorney's fees according to proof.

16. A true and accurate copy of the *Midland v. Dion* complaint is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

17. Defendants knew or should have known that their conduct was directed towards a disabled person.

18. The *Midland v. Dion* complaint (Exhibit "1") falsely states that Plaintiff became indebted directly to Midland Funding, LLC.

19. The *Midland v. Dion* complaint (Exhibit "1") falsely states that: "Plaintiff (name): MIDLAND FUNDING, LLC, alleges that defendant (name): JOHN H. DION AND ALL OTHER DEFENDANTS NAMED HEREIN became indebted to plaintiff within the last four years because an account was stated in writing between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff."

20. At no time was an account stated in writing between Midland Funding, LLC, and Plaintiff, nor has Plaintiff ever agreed that he was indebted to Midland Funding, LLC.

21. The *Midland v. Dion* complaint (Exhibit "1") falsely states that "Plaintiff (name): MIDLAND FUNDING, LLC, alleges that defendant (name): JOHN H. DION AND ALL OTHER

- 5 -
COMPLAINT

DEFENDANTS NAMED HEREIN became indebted to plaintiff within the last four years for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff the sum of $ 1,496.32."

22. At no time did Midland Funding, LLC, sell or deliver goods, wares or merchandise to Plaintiff for which Plaintiff agreed to pay Midland Funding, LLC.

23. At no time did Plaintiff become directly indebted to Midland Funding, LLC, as alleged in the *Midland v. Dion* complaint (Exhibit "1").

24. Plaintiff is informed and believes, and thereon alleges, that the *Midland v. Dion* complaint (Exhibit "1") misrepresented the character, amount and legal status of the alleged debt.

25. Plaintiff is informed and believes, and thereon alleges, that the *Midland v. Dion* complaint (Exhibit "1") misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt.

26. The *Midland v. Dion* complaint (Exhibit "1") bears the signature of Defendant, MERRILL. In fact, Defendant, MERRILL, verified under penalty of perjury, "that the matters stated in said document are true."

27. The *Midland v. Dion* complaint (Exhibit "1") represented or implied that Plaintiff's account had been reviewed by Defendant, MERRILL.

28. Plaintiff is informed and believes, and thereon alleges, that MERRILL did not conduct a professional review of Plaintiff's account before drafting and filing the *Midland v. Dion* complaint (Exhibit "1") and sending it to the Plaintiff. *See Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

29. Plaintiff is informed and believes, and thereon alleges, that the *Midland v. Dion* complaint (Exhibit "1") misrepresented the role and involvement of legal counsel.

30. Plaintiff is informed and believes, and thereon alleges, that the *Midland v. Dion* complaint (Exhibit "1") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

31. By drafting and filing the *Midland v. Dion* complaint (Exhibit "1"), Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken.

32. After being served with the *Midland v. Dion* complaint (Exhibit "1"), Plaintiff retained legal counsel to defend him, thereby incurring actual damages in the form of attorney's fees and costs. See, *Venes v. Professional Service Bureau, Inc.*, 353 N.W.2d 671, 675 (Minn. Ct. App. 1984).

33. After being unable to produce the *prima facie* evidence necessary to prove Midland Funding, LLC's, case against Plaintiff, Defendants dismissed the *Midland v. Dion* complaint against Plaintiff on December 27, 2010.

34. As a result of Defendant's abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

35. As a disabled person subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to recover treble damages pursuant to Cal. Civil Code § 3345.

36. Plaintiff is informed and believes, and thereon alleges, that Defendants have filed and served standard form complaints in the form of Exhibit "1" on more than 40 persons in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff brings the first claim for relief against Defendants under the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

38. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

39. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

40. Defendant, FF&G, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

41. Defendant, MERRILL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

42. The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

43. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

   a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

   b. Defendants misrepresented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

   c. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(B);

   d. Defendants falsely represented or implied that attorney MERRILL had professionally reviewed Plaintiff's account when she had not done so, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

e. Defendants falsely represented the role and involvement of legal counsel, in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

f. Defendants misrepresented the true source or nature of the communication, in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10);

g. Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10); and

h. Defendants attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of 15 U.S.C. § 1692f(1).

44. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff brings the second claim for relief against Defendant, FF&G, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

47. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

48. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

49. Defendant, FF&G, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

50. The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

51. Defendant, FF&G, has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. FF&G made and used false, deceptive and misleading representations in an attempt to collect the alleged debt, in violation of Cal. Civil Code § 1788.17;[2]

    b. FF&G misrepresented the character, amount or legal status of the alleged debt, in violation of Cal. Civil Code § 1788.17;[3]

    c. FF&G misrepresented the compensation which may be lawfully received by Defendants for the collection of the alleged debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[4]

    d. FF&G falsely represented or implied that attorney MERRILL had professionally reviewed Plaintiff's account when she had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[5]

    e. FF&G falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[6]

    f. FF&G misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[7] and

    g. FF&G attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[8] and

---

[2] 15 U.S.C. §§ 1692e and 1692e(10).
[3] 15 U.S.C. § 1692e(2)(A).
[4] 15 U.S.C. § 1692e(2)(B).
[5] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[6] 15 U.S.C. §§ 1692e(3) and 1692e(10).
[7] 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).
[8] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

  h. FF&G attempted to collect interest, fees or other charges from Plaintiff that were not expressly authorized by the agreement creating the debt or otherwise permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[9]

  52. FF&G's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

  53. As a result of FF&G's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

  54. As a result of FF&G's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

  55. As a result of FF&G's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17.[10]

  56. As a result of FF&G's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[11]

  57. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

 a) Assume jurisdiction in this proceeding;

 b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

---

[9] 15 U.S.C. § 1692f(1).
[10] 15 U.S.C. § 1692k(a)(2)(A).
[11] 15 U.S.C. § 1692k(a)(3).

1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(10) and 1692f(1);

c) Declare that Defendant, FF&G, violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(i), 1788.14(b), 1788.16 and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17;[12]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[13] and 1788.30(c);

i) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

j) Award Plaintiff such other and further relief as may be just and proper.

///

///

///

///

///

///

///

---

[12] 15 U.S.C. § 1692k(a)(2)(A).
[13] 15 U.S.C. § 1692k(a)(3).

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JOHN HENRY DION

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOHN HENRY DION, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

09/00/2010 13:10:43 FAX 213...9990      NATIONWIDE LEGAL                                              48

*8735328*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number and address) | FOR COURT USE ONLY |
|---|---|
| Ann K. Merrill (SBN236358) Fulton Friedman & Gullace LLP 2151 Salvio Street, Ste W Concord CA 94520  FFG NO. 154689 TELEPHONE NO.: 866-563-0809   FAX NO.: E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): MIDLAND FUNDING LLC | FILED ALAMEDA COUNTY SEP 2 8 2010 CLERK OF THE SUPERIOR COURT By Debra Hurtado Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 5672 STONERIDGE DRIVE
MAILING ADDRESS:
CITY AND ZIP CODE: PLEASANTON CA 94588
BRANCH NAME: GALE / SCHENONE HALL OF JUSTICE

Plaintiff: MIDLAND FUNDING LLC

Defendant: JOHN H DION

☐ DOES 1 TO _____

|  | CONTRACT |  |
|---|---|---|
| ■ COMPLAINT | ☐ AMENDED COMPLAINT (Number): | CASE NUMBER: |
| ☐ CROSS COMPLAINT | ☐ AMENDED CROSS-COMPLAINT (Number): | VG10538803 |

Jurisdiction (check all that apply):
■ ACTION IS LIMITED CIVIL CASE
    Amount demanded    ■ does not exceed $10,000
                       ☐ exceeds $10,000, but does not exceed $25,000
☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint or cross-complaint

    ☐ from limited to unlimited
    ☐ from unlimited to limited

1. PLAINTIFF* (names): MIDLAND FUNDING LLC

   alleges causes of action against DEFENDANT* (names): JOHN H DION

2. This pleading, including attachments and exhibits, consists of the following number of pages: 3

3. a. Each plaintiff named above is a competent adult
   ■ except plaintiff (name): MIDLAND FUNDING LLC


EXHIBIT 1

   (1) ■ a corporation qualified to do business in California
   (2) ☐ an unincorporated entity (describe):
   (3) ☐ other (specify):

   b. ☐ Plaintiff (name):
      (a) ☐ has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

      (b) ☐ has complied with all licensing requirements as a licensed (specify):
   c. ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint – Attachment 3c.

4. a. Each defendant named above is a natural person
   ☐ except defendant (name):                              ☐ except defendant (name):
     (1) ☐ a business organization, form unknown             (1) ☐ a business organization, form unknown
     (2) ☐ a corporation                                     (2) ☐ a corporation
     (3) ☐ an unincorporated entity (describe):              (3) ☐ an unincorporated entity (describe):
     (4) ☐ a public entity (describe):                       (4) ☐ a public entity (describe):
     (5) ☐ other (specify):                                  (5) ☐ other (specify):

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

File by Fax

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California                    **COMPLAINT – Contract**                    Code f Civil Procedure § 425.12

PLD-C-001

| SHORT TITLE:<br>MIDLAND FUNDING LLC<br>v.<br>JOHN H DION | |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) ☐ Doe defendants *(specify Doe numbers)* _____ were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) ☐ Doe defendants *(specify Doe numbers)* _____ are persons whose capacities are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint Attachment 4c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because *(specify)*:

6. ☐ This action is subject to  ☐ Civil Code section 1812.10  ☐ Civil Code section 2984.4.

7. This court is the proper court because
   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ■ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real that is subject of this action is located here.
   g. ☐ other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   ☐ Breach of Contract

   ■ Common Counts

   ☐ Other *(specify)*:

9. ■ Other: Before commencement of this action, in those cases where recovery of costs is dependent on such notices. Plaintiff informed the defendant(s) in writing it intended to file this action and that this action could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP Section 1033(b)(2).

10. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. ■ damages of: $1496.32
    b. ☐ interest on the damages
       (1) ☐ according to proof
       (2) ☐ at the rate of   percent per year from *(date)*:
    c. ■ attorney's fees
       (1) ☐ of $
       (2) ■ according to proof.
    d. ■ other *(specify)*: NOTICE TO DEFENDANT(S): All notices, letters, payments, and other papers are to be mailed to plaintiff's attorneys until such time, that you receive formal written notice of a change of substitution of attorneys by plaintiff.

11. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph number)*:
Date: August 21, 2010

ANN K. MERRILL
(TYPE OR PRINT NAME)

*Ann Merrill*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

*(If you wish to verify this pleading, affix a verification.)*                    PAGE 2 OF 2

Form Approved for Optional Use
Judicial Council of California

**COMPLAINT – Contract**

Code f Civil Procedure § 425.12

PLD-C-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MIDLAND FUNDING LLC v. JOHN H DION | |

**FIRST**     **CAUSE OF ACTION – Common Counts**     Page THREE

ATTACHMENT TO ■ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each case of action.)*

CC-1. Plaintiff *(name)*: MIDLAND FUNDING LLC

    alleges that defendant*(name)*: JOHN H DION
                                  AND ALL OTHER DEFENDANTS NAMED HEREIN.

    became indebted to ■ plaintiff ☐ other *(name)*:

    a. ■ within the last four years
        (1) ☐ on an open book account for money due.
        (2) ■ because an account was stated in writing between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

    b. ■ within the last ☐ two years ■ four years
        (1) ☐ for money had and received by defendant for the use and benefit of plaintiff.
        (2) ☐ for work, labor services and materials rendered at the special instance and request of defendant and for which Defendant promised to pay plaintiff
            ☐ for the sum of $
            ☐ the reasonable value.
        (3) ■ for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
            ■ the sum of $1496.32
            ☐ the reasonable value.
        (4) ☐ for money lent by plaintiff to defendant at defendant's request.
        (5) ☐ for money paid, laid out, and expended
        (6) ☐ other *(specify)*:

CC-2. $1496.32, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment Interest ☐ according to proof ☐ at the rate of _____ percent per year from *(date)*:

CC-3. ☐ Plaintiff is entitled to attorneys fees by an agreement or a statute
      ☐ of $
      ☐ according to proof.

CC-4. ☐ Other:

Form Approved by the Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION – Common Courts**
Code of Civil Procedure § 425.12
www.courtinfo.ca.gov

00/00/2010 18:10:43 FAX 213 )990    NATIONWIDE LEGAL                    51

MIDLAND FUNDING LLC v. JOHN H DION
ALAMEDA County Superior Court Case No. _____
Our File No.: 154689

## VERIFICATION OF COMPLAINT
(Code Civ. Proc., § 446)

| STATE OF CALIFORNIA | ) | |
|---|---|---|
| | ) | SS. |
| COUNTY OF CONTRA COSTA | ) | |

I, the undersigned, certify and declare that I have read the foregoing complaint and know its contents.

I am the attorney for MIDLAND FUNDING LLC, a party to this action. Such party is absent from the county where I have my office and is unable to verify the document described above. For that reason, I am making this verification for and on behalf of that party. I am informed and believe and on that ground allege that the matters stated in said document are true.

I declare under penalty of perjury under the laws of the State of California that I believe the foregoing to be true and correct.

Executed on August 21, 2010, at Concord, California.

*Ann Merrill*
ANN K. MERRILL, attorney for Plaintiff,
MIDLAND FUNDING LLC

VERIFICATION [C.C.P. § 446]